**FILED**
CLERK, U.S. DISTRICT COURT

10/1/2025

CENTRAL DISTRICT OF CALIFORNIA
BY: _____LR_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2025 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> KERWIN ALDRIC JORDAN, <br><br> Defendant. | CR 2:25-cr-00801-SVW <br><br> I N D I C T M E N T <br><br> [26 U.S.C. § 7206(2): Aiding and Assisting in the Preparation of a False Tax Return; 18 U.S.C. § 1343: Wire Fraud; 26 U.S.C. § 7301, 28 U.S.C. § 2461(c), 18 U.S.C. § 982: Criminal Forfeiture] |

The Grand Jury charges:

COUNTS ONE THROUGH TWENTY-ONE

[26 U.S.C. § 7206(2)]

A.   INTRODUCTORY ALLEGATIONS

At times relevant to this Indictment:

1.   Defendant KERWIN ALDRIC JORDAN was a resident of Castaic, California, and Pebble Beach, California.

2.   Defendant JORDAN owned and operated several businesses, including The Jordan Corporation, Jordan and Jordan Financial DBA Jordan Tax School, Jordan & Jordan, Jordan and Jordan A Financial Conquest, and Euphrates Wealth Asset Management.

3. Defendant JORDAN was in the business of preparing and assisting in the preparation of tax returns for clients for a fee. Defendant JORDAN sometimes falsely held himself out to the public as a Certified Public Accountant and tax attorney.

4. The Internal Revenue Service (IRS) was an agency of the U.S. Department of the Treasury responsible for collecting taxes and administering the Internal Revenue Code.

5. The IRS provided various forms and schedules to be used to file tax returns.

a. Form 1040 (U.S. Individual Income Tax Return) was used to file a taxpayer's annual income tax return.

b. Form 1040-X (Amended U.S. Individual Income Tax Return) was used to make changes to an earlier-filed Form 1040.

c. Schedule 1 (Additional Income and Adjustments to Income) was used to report items that could not be reported on other parts of Form 1040. These items could include income or loss from a business or profession that the taxpayer had engaged in as a sole proprietor.

d. Schedule A (Itemized Deductions) was used to report itemized deductions. These items could include medical and dental expenses, home mortgage interest, gifts to charity, and unreimbursed employee expenses.

e. Schedule C (Profit or Loss from Business (Sole Proprietorship)) was used to report income or loss from a business or profession that the taxpayer had engaged in as a sole proprietor.

B.   FALSE TAX RETURNS

6.   On or about the dates set forth below, in Los Angeles County, within the Central District of California, and elsewhere, defendant JORDAN willfully aided and assisted in, and procured, counseled, and advised the preparation and presentation to the IRS, of U.S. Individual Income Tax Returns, Forms 1040, and Amended U.S. Individual Income Tax Returns, Forms 1040-X, for the years and in the names of the taxpayers set forth below, which returns were false and fraudulent as to a material matter, in that the returns reported false and fictitious business gross receipts and business expenses, as reported on the attached Schedules C and line 3 of the attached Schedules 1, which were used fraudulently to offset the taxpayers' income and fraudulently reduce the amount of reported tax owed. As defendant JORDAN then knew, the claimed business losses were false and, as a result of these fraudulently claimed business losses, defendant JORDAN did not report the taxes his clients actually owed and, in many cases, defendant JORDAN claimed refunds from the IRS on behalf of his clients to which his clients were not entitled.

///

///

///

3

| COUNT | FILING DATE | TAXPAYER(S) | YEAR & FORM | FALSE ITEMS |
|---|---|---|---|---|
| 1 | 2/18/2020 | N.N. | 2019 Form 1040 | a. Sch. C (N.N.), line 31, net profit or (loss): ($27,355)<br><br>b. Sch. 1, line 3, business income or (loss): ($27,355)<br><br>c. Form 1040, line 11b, taxable income: $53,474<br><br>d. Form 1040, line 21a, refund: $7,836 |
| 2 | 3/17/2020 | A.S. & S.S. | 2019 Form 1040 | a. Sch. C (A.S.), line 31, net profit or (loss): ($82,439)<br><br>b. Sch. C (S.S.), line 31, net profit or (loss): ($10,044)<br><br>c. Sch. C (S.S.), line 31, net profit or (loss): ($33,279)<br><br>d. Sch. 1, line 3, business income or (loss): ($125,762)<br><br>e. Form 1040, line 11b, taxable income: $205,883<br><br>f. Form 1040, line 21a, refund: $16,116 |

4

| COUNT | FILING DATE | TAXPAYER(S) | YEAR & FORM | FALSE ITEMS |
|---|---|---|---|---|
| 3 | 3/27/2020 | A.M. & S.N. | 2019 Form 1040 | a. Sch. C (A.S.M.), line 31, net profit or (loss): ($81,850)<br><br>b. Sch. C (S.V.N.), line 31, net profit or (loss): ($137,169)<br><br>c. Sch. 1, line 3, business income or (loss): ($219,019)<br><br>d. Form 1040, line 11b, taxable income: $606,963<br><br>e. Form 1040, line 21a, refund: $105 |
| 4 | 4/3/2020 | H.G. & L.G. | 2019 Form 1040 | a. Sch. C (L.G.), line 31, net profit or (loss): ($158,498)<br><br>b. Sch. 1, line 3, business income or (loss): ($158,498)<br><br>c. Form 1040, line 11b, taxable income: $83,406<br><br>d. Form 1040, line 21a, refund: $38,739 |

| COUNT | FILING DATE | TAXPAYER(S) | YEAR & FORM | FALSE ITEMS |
|---|---|---|---|---|
| 5 | 4/6/2020 | M.N. | 2019 Form 1040 | a. Sch. C (M.N.), line 31, net profit or (loss): ($139,161)<br><br>b. Sch. 1, line 3, business income or (loss): ($139,161)<br><br>c. Form 1040, line 11b, taxable income: $312,409<br><br>d. Form 1040, line 21a, refund: $6,150 |
| 6 | 5/19/2020 | A.K.D. & N.D. | 2019 Form 1040 | a. Sch. C (A.K.D.), line 31, net profit or (loss): ($49,257)<br><br>b. Sch. C (N.D.), line 31, net profit or (loss): ($18,997)<br><br>c. Sch. 1, line 3, business income or (loss): ($68,254)<br><br>d. Form 1040, line 11b, taxable income: $161,063<br><br>e. Form 1040, line 21a, refund: $5,137 |

| COUNT | FILING DATE | TAXPAYER(S) | YEAR & FORM | FALSE ITEMS |
|---|---|---|---|---|
| 7 | 2/9/2021 | N.N. | 2020 Form 1040 | a. Sch. C (N.N.), line 31, net profit or (loss): ($58,365)<br><br>b. Sch. 1, line 3, business income or (loss): ($58,365)<br><br>c. Form 1040, line 15, taxable income: $116,651<br><br>d. Form 1040, line 35a, refund: $12,736 |
| 8 | 3/8/2021 | A.M. & S.N. | 2020 Form 1040 | a. Sch. C (A.S.M.), line 31, net profit or (loss): ($70,490)<br><br>b. Sch. C (S.V.N.), line 31, net profit or (loss): ($78,567)<br><br>c. Sch. 1, line 3, business income or (loss): ($149,057)<br><br>d. Form 1040, line 15, taxable income: $398,093<br><br>e. Form 1040, line 35a, refund: $17,488 |

| COUNT | FILING DATE | TAXPAYER(S) | YEAR & FORM | FALSE ITEMS |
|---|---|---|---|---|
| 9 | 3/11/2021 | A.S. & S.S. | 2020 Form 1040 | a. Sch. C (A.S.), line 31, net profit or (loss): ($88,453)<br><br>b. Sch. C (S.S.), line 31, net profit or (loss): ($55,462)<br><br>c. Sch. C (S.S.), line 31, net profit or (loss): $31,042<br><br>d. Sch. 1, line 3, business income or (loss): ($112,873)<br><br>e. Form 1040, line 15, taxable income: $152,338<br><br>f. Form 1040, line 35a, refund: $27,887 |
| 10 | 3/11/2021 | H.G. & L.G. | 2020 Form 1040 | a. Sch. C (L.G.), line 31, net profit or (loss): ($18,747)<br><br>b. Sch. 1, line 3, business income or (loss): ($18,747)<br><br>c. Form 1040, line 15, taxable income: $15,814<br><br>d. Form 1040, line 35a, refund: $15,374 |

| COUNT | FILING DATE | TAXPAYER(S) | YEAR & FORM | FALSE ITEMS |
|---|---|---|---|---|
| 11 | 4/12/2021 | S.T. & S.W. | 2020 Form 1040 | a. Sch. C (S.T.), line 31, net profit or (loss): ($41,246)<br><br>b. Sch. C (S.W.), line 31, net profit or (loss): ($11,765)<br><br>c. Sch. 1, line 3, business income or (loss): ($53,011)<br><br>d. Form 1040, line 15, taxable income: $106,356<br><br>e. Form 1040, line 35a, refund: $520 |
| 12 | 4/30/2021 | M.N. | 2020 Form 1040 | a. Sch. C (M.N.), line 31, net profit or (loss): ($473,027)<br><br>b. Sch. 1, line 3, business income or (loss): ($473,027)<br><br>c. Form 1040, line 15, taxable income: $574,386<br><br>d. Form 1040, line 35a, refund: $31,471 |

| COUNT | FILING DATE | TAXPAYER(S) | YEAR & FORM | FALSE ITEMS |
|---|---|---|---|---|
| 13 | 5/24/2021 | S.T. & S.W. | 2020 Form 1040-X | a. Sch. C (S.T.), line 31, net profit or (loss): ($41,246)<br><br>a. Sch. C (S.W.), line 31, net profit or (loss): ($11,765)<br><br>b. Sch. 1, line 3, business income or (loss): ($53,011)<br><br>c. Form 1040-X, line 5, taxable income: $106,356<br><br>d. Form 1040-X, line 22, refund: $500 |
| 14 | 6/9/2021 | S.T. & S.W. | 2019 Form 1040 | a. Sch. C (S.T.), line 31, net profit or (loss): ($31,760)<br><br>b. Sch. 1, line 3, business income or (loss): ($31,760)<br><br>c. Form 1040, line 11b, taxable income: $69,228<br><br>d. Form 1040, line 21a, refund: $9,541 |

| COUNT | FILING DATE | TAXPAYER(S) | YEAR & FORM | FALSE ITEMS |
|---|---|---|---|---|
| 15 | 2/17/2022 | S.T. & S.W. | 2021 Form 1040 | a. Sch. C (S.T.), line 31, net profit or (loss): ($45,639)<br><br>b. Sch. C (S.W.), line 31, net profit or (loss): ($37,126)<br><br>c. Sch. 1, line 3, business income or (loss): ($82,765)<br><br>d. Form 1040, line 15, taxable income: $42,647<br><br>e. Form 1040, line 35a, refund: $21,664 |
| 16 | 2/22/2022 | N.N. | 2021 Form 1040 | a. Sch. C (N.N.), line 31, net profit or (loss): ($176,764)<br><br>b. Sch. 1, line 3, business income or (loss): ($176,764)<br><br>c. Form 1040, line 15, taxable income: $188,891<br><br>d. Form 1040, line 35a, refund: $17,432 |

11

| COUNT | FILING DATE | TAXPAYER(S) | YEAR & FORM | FALSE ITEMS |
|---|---|---|---|---|
| 17 | 3/10/2022 | B.T. | 2021 Form 1040 | a. Sch. C (B.T.), line 31, net profit or (loss): ($169,744)<br><br>b. Sch. 1, line 3, business income or (loss): ($169,744)<br><br>c. Form 1040, line 15, taxable income: $327,726<br><br>d. Form 1040, line 35a, refund: $30,088 |
| 18 | 3/11/2022 | A.M. & S.N. | 2021 Form 1040 | a. Sch. C (A.S.M.), line 31, net profit or (loss): ($92,185)<br><br>b. Sch. C (S.V.N.), line 31, net profit or (loss): ($93,107)<br><br>c. Sch. 1, line 3, business income or (loss): ($185,292)<br><br>d. Form 1040, line 15, taxable income: $436,936<br><br>e. Form 1040, line 35a, refund: $20,319 |

| COUNT | FILING DATE | TAXPAYER(S) | YEAR & FORM | FALSE ITEMS |
|---|---|---|---|---|
| 19 | 3/16/2022 | A.S. & S.S. | 2021 Form 1040 | a. Sch. C (A.S.), line 31, net profit or (loss): ($99,674)<br><br>b. Sch. C (S.S.), line 31, net profit or (loss): ($84,597)<br><br>c. Sch. C (S.S.), line 31, net profit or (loss): $17,540<br><br>d. Sch. 1, line 3, business income or (loss): ($166,731)<br><br>e. Form 1040, line 15, taxable income: $117,702<br><br>f. Form 1040, line 35a, refund: $38,196 |

| COUNT | FILING DATE | TAXPAYER(S) | YEAR & FORM | FALSE ITEMS |
|---|---|---|---|---|
| 20 | 4/2/2022 | A.K.D. & N.D. | 2021 Form 1040 | a. Sch. C (A.K.D.), line 31, net profit or (loss): ($386,795)<br><br>b. Sch. C (N.D.), line 31, net profit or (loss): ($382,973)<br><br>c. Sch. C (A.K.D.), line 31, net profit or (loss): ($272,601)<br><br>d. Sch. 1, line 3, business income or (loss): ($1,042,369)<br><br>e. Form 1040, line 15, taxable income: $960,178<br><br>f. Form 1040, line 35a, refund: $24,866 |

14

| COUNT | FILING DATE | TAXPAYER(S) | YEAR & FORM | FALSE ITEMS |
|---|---|---|---|---|
| 21 | 4/5/2022 | M.C. & H.J.L. | 2021 Form 1040 | a. Sch. C (M.C.), line 31, net profit or (loss): ($143,286)<br><br>b. Sch. C (M.C.), line 31, net profit or (loss): ($104,031)<br><br>c. Sch. C (H.J.L.), line 31, net profit or (loss): ($105,987)<br><br>d. Sch. 1, line 3, business income or (loss): ($353,304)<br><br>e. Form 1040, line 15, taxable income: $854,891<br><br>f. Form 1040, line 35a, refund: $65,241 |

15

COUNTS TWENTY-TWO THROUGH TWENTY-SIX

[18 U.S.C. § 1343]

A.    INTRODUCTORY ALLEGATIONS

At times relevant to this Indictment:

7.    The Grand Jury realleges paragraphs 1 through 3 of this Indictment here.

8.    Defendant JORDAN was signatory to and maintained control of Wells Fargo Bank account #0253, which he had opened in the name of Kerwin Jordan & Jordan Financial.

9.    Defendant JORDAN was signatory to and maintained control of JPMorgan Chase bank account #9595, which he had opened in the name of Euphrates Wealth Asset Management.

The Paycheck Protection Program

10.    The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or about March 2020 that was designed to provide emergency financial assistance to Americans suffering economic harm as a result of the COVID-19 pandemic. One form of assistance provided by the CARES Act was the authorization of United States taxpayer funds in forgivable loans to small businesses for job retention and certain other expenses, through a program referred to as the Paycheck Protection Program ("PPP").

11.    In order to obtain a PPP loan, a qualifying business was required to submit a PPP loan application signed by an authorized representative of the business. The PPP loan application required the small business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications in order to be eligible to obtain the PPP loan. One such certification required the applicant to affirm that "[t]he [PPP loan] funds w[ould]

16

be used to retain workers and maintain payroll or make mortgage interest payments, lease payments, and utility payments." The applicant (through its authorized representative) was also required to acknowledge that "I understand that if the funds are used for unauthorized purposes, the federal government may pursue criminal fraud charges." In the PPP loan application, the applicant was required to state, among other things, its (a) average monthly payroll expenses and (b) number of employees. These figures were used to calculate the amount of money the small business was eligible to receive under the PPP. In addition, the applicant was required to provide documentation showing its payroll expenses.

12. A business's PPP loan application was received and processed, in the first instance, by a participating financial institution. If a PPP loan application was approved, the participating financial institution would fund the PPP loan using its own monies.

13. PPP loan proceeds were required to be used by the business on certain permissible expenses, namely, payroll costs, interest on mortgages, rent, and utilities. The PPP allowed the interest and principal on the PPP loan to be forgiven entirely if the business spent the loan proceeds on these expenses within a designated period of time and used at least a minimum amount of the PPP loan proceeds towards payroll expenses.

The Economic Injury Disaster Loan Program

14. The Economic Injury Disaster Loan ("EIDL") Program was a U.S. Small Business Administration ("SBA") program that provided low-interest financing to small businesses, renters, and homeowners in regions affected by declared disasters.

17

15.  The CARES Act authorized the SBA to provide EIDL loans of up to $2 million to eligible small businesses experiencing substantial financial disruption due to the COVID-19 pandemic.

16.  To obtain an EIDL loan, a qualifying business was required to submit an application to the SBA and provide information about the business's operations, such as the number of employees, gross revenues for the twelve-month period preceding the disaster, and cost of goods sold in the twelve-month period preceding the disaster. In the case of EIDL loans for COVID-19 relief, the twelve-month period was the twelve-month period from January 31, 2019, to January 31, 2020. The applicant was also required to certify that all of the information in the application was true and correct to the best of the applicant's knowledge.

17.  EIDL loan applications were submitted directly to the SBA and processed by the agency with support from a government contractor. The amount of the loan, if the application was approved, was determined based, in part, on the information provided by the applicant about employment, revenue, and cost of goods sold, as described in paragraph 16 above. Any funds issued under an EIDL loan were issued directly by the SBA.

18.  EIDL loan funds could be used for payroll expenses, sick leave, production costs, and business obligations, such as debts, rent, and mortgage payments. If the applicant also obtained a loan under the PPP, the EIDL loan funds could not be used for the same purpose as the PPP loan funds.

B.    THE SCHEME TO DEFRAUD

19.  Beginning by at least April 10, 2020, and continuing until at least January 7, 2023, in Los Angeles County, within the Central

District of California, and elsewhere, defendant JORDAN, together with others known and unknown to the Grand Jury, knowingly and with intent to defraud, devised, participated in, and executed a scheme to defraud the SBA and financial institutions, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

20. The fraudulent scheme operated, in substance, as follows:

a. Defendant JORDAN made, and caused to be made, false statements to the SBA and financial institutions in connection with fraudulent applications for PPP and EIDL loans, including false representations regarding the number of employees to whom the applicant-company had paid wages and false certifications that the loans would be used for permissible business purposes.

b. Defendant JORDAN electronically submitted, and caused to be submitted, a false document to the SBA and a financial institution in support of a fraudulent PPP loan application, namely, a false and fictitious tax document.

c. Defendant JORDAN directed the PPP and EIDL loan proceeds to be deposited into bank accounts that defendant JORDAN controlled.

d. Defendant JORDAN used the fraudulently obtained PPP and EIDL loan proceeds for his own personal benefit, including for expenses prohibited under the requirements of the PPP and EIDL programs, such as using PPP and EIDL proceeds to purchase jewelry.

e. Instead of paying back the PPP loans, defendant JORDAN filed applications for forgiveness of the loans based on false statements that the PPP proceeds had been spent on payroll costs.

19

C.    USE OF INTERSTATE WIRES

21.    On or about the dates set forth below, in Los Angeles County, within the Central District of California, and elsewhere, for the purpose of executing the above-described scheme to defraud, defendant JORDAN transmitted and caused the transmission of the following items by means of wire communication in interstate commerce:

| COUNT | DATE | ITEM |
|---|---|---|
| 22 | 4/16/2020 | $41,667 in PPP loan proceeds transferred from WebBank to Wells Fargo account #0253 by means of an interstate wire |
| 23 | 6/24/2020 | Application for EIDL loan submitted to the SBA in the name of "Euphrates Wealth Asset Management" by means of an interstate wire |
| 24 | 8/11/2020 | $39,300 in EIDL loan proceeds transferred from SBA to JPMorgan Chase account #9595 by means of an interstate wire |
| 25 | 2/4/2021 | $93,198 in PPP loan proceeds transferred from Cross River Bank to Wells Fargo Bank account #0253 by means of an interstate wire |
| 26 | 2/25/2021 | $53,802 in second draw PPP loan proceeds transferred from WebBank to Wells Fargo Bank account #0253 by means of an interstate wire |

20

FORFEITURE ALLEGATION ONE

[26 U.S.C. § 7301 and 28 U.S.C. § 2461(c)]

1.    Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 26, United States Code, 7301, and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in any of Counts One through Twenty-One of this Indictment.

2.    The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) Any property sold or removed by the defendant in fraud of the internal revenue laws, or with design to avoid payment of such tax, or which was removed, deposited, or concealed, with intent to defraud the United States of such tax or any part thereof;

(b) All property manufactured into property of a kind subject to tax for the purpose of selling such taxable property in fraud of the internal revenue laws, or with design to evade the payment of such tax;

(c) All property whatsoever, in the place or building, or any yard or enclosure, where the property described in subsection (a) or (b) is found, or which is intended to be used in the making of property described in subsection (a), with intent to defraud the United States of tax or any part thereof, on the property described in subsection (a);

(d) All property used as a container for, or which shall have contained, property described in subsection (a) or (b);

(e) Any property (including aircraft, vehicles, vessels, or draft animals) used to transport or for the deposit or concealment of

property described in subsection (a) or (b), or any property used to transport or for the deposit or concealment of property which is intended to be used in the making or packaging of property described in subsection (a); and

(f)  To the extent that such property is not available for forfeiture, a sum of money equal to the total value of the property described in this paragraph.

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 982]

1.    Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 982(a)(2), in the event of the defendant's conviction of the offenses set forth in any of Counts Twenty-Two through Twenty-Six of this Indictment.

2.    The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

///

///

///

23

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), the defendant, if so convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/_____
Foreperson

BILAL A. ESSAYLI
Acting United States Attorney

JOSEPH T. McNALLY
Assistant United States Attorney
Acting Chief, Criminal Division

ALEXANDER P. ROBBINS
Assistant United States Attorney
Acting Chief, Criminal Appeals Section

MATTHEW R. HOFFMAN
Trial Attorney, Tax Division
United States Department of Justice

RANEE A. KATZENSTEIN
Assistant United States Attorney
Acting Deputy Chief, Criminal Appeals Section

24